WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CR 09-658 TUC DCB (CRP)<br>) |
| Armando Rene Padilla, and Daniel Thomas, | ) **O R D E R**<br>) |
| Defendant, | )<br>) |

On March 3, 2010, Magistrate Judge Charles R. Pyle issued three Report and Recommendations (R&RS). On April 28, 2010, the Court adopted his recommendations from two of the R&RS and set the third for a *de novo* hearing on the recommendation to grant the Defendants' Motion to Suppress Evidence due to an illegal stop. (R&R (doc. 91)). The hearing having been held, the Court finds that Tohono O'odham Police Officer Henry to be credible and his testimony to be undisputed. The Court finds there was reasonable suspicion to stop the Defendants' vehicle, the stop was legal, and the Defendants' Motions to Suppress (docs. 28, 57) are denied.

## The Stop

Officer Henry testified that Friday night, March 27, 2009, he was patrolling State Route 86 near Sells, Arizona. He is authorized to enforce both tribal and state traffic laws and has regularly patrolled this area for the past six years. Just past a curve at milepost 120, he passed Defendants' car and observed it was traveling slower than normal. The speed limit is 65 mph and the road is straight and visibility is clear at this location. Generally, traffic travels at the speed limit or above. He estimated the Defendants were traveling about 50 or 55 mph, and when he clocked the oncoming car it was actually traveling at 54 mph. Officer Henry testified

that because traffic was heavy to moderate at the time, traveling below the speed limit could impede traffic and be a traffic risk. In Arizona it is against the law to travel at an unreasonable or imprudent speed, regardless of whether it is slower or faster than the posted speed limit. Based on Officer Henry's experience and training, Defendants were committing a traffic violation by traveling 11 miles under the posted speed limit.

Officer Henry was traveling west and Defendants were going east. When he passed the Defendants, Officer Henry lowered his driver's side window and observed the rear of Defendants' car. He saw that the license plate was not illuminated for 50 feet from the rear of the vehicle as required under Arizona law. Officer Henry made a U-turn and began following Defendants. He caught up to the Defendants at about milepost 121. When he began following them, the car moved to the far right and began traveling on and along the white fog line. State Route 86 is a two lane highway, with two 12-foot travel lanes and a one foot paved shoulder on each side of the road. A white fog line delineates the travel lanes from the one-foot paved shoulder.

Officer Henry testified that based on his training and experience he knows that drunk or fatigued drivers sometimes follow the fog line and or drive slower than normal. He believed that the driver of Defendants' vehicle might be driving under the influence or fatigued. Officer Henry also testified that it was dangerous for Defendants to drive on the fog line, especially for several miles like the Defendants did, because pedestrians walk along this section of road and it is also open range and cattle sometimes graze near the side of the road. By driving on the fog line the Defendants committed the traffic violation of failing to maintain lane.

Officer Henry turned on his emergency lights at about milepost 122, but Defendants did not immediately stop. Instead, the driver continued to drive on the fog line to about milepost 123 before stopping. Officer Henry testified that this was a failure to yield to law enforcement in violation of Arizona law.

During the time he followed the Defendants, Officer Henry testified that on about five different occasions he saw the driver was not wearing a seatbelt as the driver's silhouette was

illuminated by his headlights and the passing headlights of oncoming vehicles. Not wearing a seat belt is a traffic violation under tribal law.

Officer Henry testified that when he stopped Defendants, he asked the driver, Defendant Padilla, if he was ok and if he had had anything to drink. He told Padilla that he believed the license plate light was not working. Defendant Padilla responded that the light was working, he was ok and had not been drinking. Officer Henry also went to the back of the Defendants' vehicle and checked the license plate light. He found the light to be working, but it was pushed up into the frame so that he could only see it shining directly down onto his hand.

In his Incident Report (Report) to Immigration and Customs Enforcement (ICE) Special Agent (SA) Mace, Officer Henry wrote that Defendants were driving on and along the fog line, driving slow at 54 mph, did not the license plate properly illuminated, and that he asked the driver if he was drinking. The Court adopts the testimony of SA Mace as given at the evidentiary hearing before Magistrate Judge Pyle. *See* (Evidentiary Hearing, 1/26/2010; Transcript of Record (TR) at 107-160.)

Defendants challenge Officer Henry's credibility with inconsistencies between what he wrote in his Report, what was recorded in SA Mace's report, and Officer Henry's testimony at the evidentiary hearings. The Court finds that none of the supposed "discrepancies" dispute Officer Henry's testimony articulating facts that form a basis for reasonable suspicion that a traffic law violation occurred. .

<u>Standard of Review: Reasonable Suspicion</u>

Traffic stops are investigatory stops, which require only a showing of reasonable suspicion, i.e., whether under the totality of the circumstances, Officer Henry had reasonable suspicion that a traffic law violation occurred. *United States v. Willis*, 431 F.3d 709, 714 (9th Cir. 2005). "Reasonable suspicion exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion." *United States v. Tiong*, 224 F.3d 1136, 1139 (9th Cir. 2000). "Reasonable suspicion" is a modest evidentiary standard. The standard does not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the

evidence standard. *United States v. Arvizu*, 534 U.S. 266, 274 (2002); *Illinois v. Wardlow*, 528 U.S. 119 (2000). For reasonable suspicion to exist, the "likelihood of criminal activity" is merely a particularized and objective basis for suspecting legal wrongdoing. *Arvizu*, 534 U.S. at 273; *Ornelas v. United States,* 517 U.S. 690, 695 (1996).

The Court finds that many of the discrepancies argued by Defendants are of their own making. The supposed change from Officer Henry's Report that described Defendants as driving on and along the fog line to testimony at the hearing suggesting the Defendants' car was weaving was their own interpretation of his testimony, which was at all times consistent with the Defendants' car being driven on the far right side of the road, on and along the fog line traveling on and over the line. Officer Henry explained that there is only one foot of pavement to the right of the fog line, so describing the car as traveling on and over the line cannot be considered weaving unless Officer Henry testified the car was going off and on the pavement or back and forth between the shoulder and the travel lanes.

It does not matter that Officer Henry did not write in his Report that he told Defendants he stopped them because he thought they were driving under the influence because his Report reflects that he asked Defendant Padilla if he was ok and had he been drinking. His Report clearly documented his suspicions related to driving under the influence. It does not matter that he did not issue citations for the license plate or other traffic violations. *Willis*, 431 F.3d at 716-717. His Report recorded that Defendants were traveling at a low rate of speed, driving on and along the fog line, the driver was not wearing a seatbelt. The Report records that he questioned the driver about DUI and asked if he was ok, and he explained to driver that the stop was because he was traveling 54 mph in a 65 mph speed zone and when he bypassed him, he saw the license plate light was out. The Report notes the officer examined the plate light and found it to be on, but dim and shoved up under the frame. (Evidentiary Hearing: 5/6/201, Ex. 12.)

The Court finds that Officer Henry was aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion the following traffic violations had occurred: 1) license plate light failed to illuminate the rear of the vehicle by 50 feet; 2) failing to maintain lane; 3) impeding the flow of traffic, and 4)

1 failing to yield to law enforcement. There was also reasonable suspicion to believe the driver to be drinking or fatigued because he was driving slower than normal and on and along the fog line. As the court noted in *Willis*, the Government has the burden of production on the question of reasonable suspicion, and the Defendant has the burden of proof. *Willis*, 431 F.3d at 715 n. 5. If a defendant wants to cast doubt on the officer's statements, he is required to introduce contrary evidence or get the officer to retract his testimony on cross-examination. *Id.* Here, Defendants did neither and the facts attested to by Officer Henry are consequently undisputed.

The Court does not reach the question of whether Officer Henry could see the seatbelt because it is not necessary to resolve the motions to suppress. While the seatbelt violation forms a primary basis for the stop under tribal law, under Arizona law a police officer may not stop a person for operating a vehicle for not wearing a seatbelt, unless there is reasonable cause to believe that there is another violation of a motor vehicle law.

The Court affirms the finding by the Magistrate Judge that there was probable cause for the search of the vehicle because Officer Henry observed a large covered object in the back seat as he approached the vehicle and smelled the odor of marijuana as he was standing at the driver's side door and waiting for Defendant Padilla to gather his motor vehicle documents. There is no objection to the Magistrate Judge's finding that there was probable cause for the search of the vehicle, if the stop was legal.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (doc. 91) is adopted in part as the opinion of the Court only as to the finding of probable cause for the search of the vehicle.

**IT IS FURTHER ORDERED** that the Report and Recommendation is DENIED IN ALL OTHER PARTS.

**IT IS FURTHER ORDERED** that there was reasonable suspicion to stop the Defendants' vehicle, the stop was not illegal, and the Defendants' Motions to Suppress Evidence (docs. 28, 57) are DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Pyle for all pretrial proceedings and Report and Recommendation in accordance with the

provisions of 28 U.S.C. § 636(b). Fed. R. Crim. P. 59(b), and LR Civ. 72.1(a), Rules of Practice for the United States District Court, District of Arizona (Local Rules).

DATED this 10th day of May, 2010.

David C. Bury
United States District Judge